# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:13-CV-00626-JHM**

**CHARLES W. MASSIE,** *pro se*                                                        **PLAINTIFF**

**V.**

**COMMONWEALTH OF KENTUCKY,** *et al.*                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss of Defendants Commonwealth of Kentucky, Kentucky Department of Corrections, Governor Steve Beshear, and Commissioner LaDonna Thompson (collectively the "State Defendants") [DN 9]; the Motion to Dismiss of Defendant Bourbon County, Kentucky and Defendant James Watt, the Bourbon County Assistant Jailer (collectively the "Bourbon County Defendants") [DN 11]; and the Motion to Dismiss of Defendant Gregory T. Kapusta, the Bourbon County Jail Administrator (hereinafter "Kapusta") [DN 16]. In these motions, the Defendants seek to dismiss all claims brought against them by the Plaintiff, Charles W. Massie (hereinafter "Massie"). Also before the Court is the Cross-Motion to Dismiss of Plaintiff Massie [DN 13]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND[1]

On March 2, 2010, Plaintiff Massie was convicted of, and incarcerated for, marijuana trafficking and related charges in Cumberland County, Kentucky. (Compl. [DN 1] 6, 7.) He was sentenced to five years of incarceration. (Id. at 7.) During his incarceration, Plaintiff Massie was transferred among several county jails because he had medical issues and could not perform his assigned work detail. These jails included: the Adair County Jail, the Marion County Jail, the

---

[1] These facts are taken in the light most favorable to Plaintiff Massie, the non-movant.

1

Boyle County Jail, the Bourbon County Detention Center, the Powell County Jail, the Webster County Jail, the Crittenden Detention Center, and the Marshall County Jail. (See id. at 7-9.) In total, Plaintiff Massie alleges that he was transferred fifteen times to various county jails in an eighteen-month period. (Id. at 2, 9.) According to Plaintiff Massie, instead of being transferred to county jails, he should have been sent to "prison medical facilities." (Id.)

Plaintiff Massie argues that because he was not sent to a prison medical facility, he was deprived of his "medical rights as a prisoner." (Id.) Plaintiff Massie's allegation of improper medical care is based on the fact that he has a history of heart problems, including Atherosclerosis, Thrombotic-Thrombocytopenic-Purpura, bypass surgery, and Angioplasty. (Id. at 2, 6-9.) Plaintiff Massie states that since he was not transferred to a prison medical facility, he "could have died . . . ." He also states that while he requested a medical evaluation, that request was ignored. (Id. at 7.) In essence, Plaintiff Massie alleges that the Defendants failed to adequately care for him and his heart conditions while he was incarcerated. (Id. at 10.)

In addition, Plaintiff Massie alleges that his constitutional rights were violated because during his incarceration, he was wrongly charged with, and prosecuted for, promoting dangerous contraband and possessing a controlled substance. (Id. at 6.) This allegation is based on the fact that on July 29, 2010, during intake procedures at the Bourbon County Detention Center, Plaintiff Massie was searched and found to be in possession of a bottle of Nitro-Glycerin tablets. (Id. at 8.) Plaintiff Massie had been prescribed these tablets for his heart problems and was required to carry them on his person at all times, in case of a medical emergency. The jailers, however, wrongly believed that the bottle contained cocaine. As a result, criminal charges were filed against Plaintiff Massie in Bourbon County. (See id.)

Plaintiff Massie states that the substance found in his possession was ultimately tested by the Kentucky State Police Laboratory and found to be Nitro-Glycerin. Consequently, the Bourbon

2

County charges against him were dropped in February of 2011. After the charges were dropped, medical staff provided Plaintiff Massie with a new bottle of Nitro-Glycerin tablets. (See id. at 2, 9.) Nevertheless, he alleges that his rights were violated because of this wrongful prosecution.

Finally, Plaintiff Massie alleges that his constitutional rights were violated because during his incarceration at the Bourbon County Detention Center, he was "frequently threatened with application of a Taser Shock" by Defendant Kapusta and Defendant Raymond B. Campbell.

Plaintiff Massie was released from incarceration on July 5, 2011 after payment of his $50,000 appeal bond. (Id. at 9.)

On June 17, 2013, Plaintiff Massie, *pro se*, filed the instant action against the Defendants. In his complaint, Plaintiff Massie alleges that the Defendants violated 42 U.S.C. § 1983 by infringing on his First, Fourth, Eighth, and Fourteenth Amendment rights. He also alleges that the Defendants violated Ky. Rev. Stat. § 532.100. (Compl. [DN 1] 1.) Plaintiff Massie names several Defendants in his complaint, including: the Commonwealth of Kentucky; Kentucky Department of Corrections; Governor Steve Beshear; Commissioner LaDonna Thompson; Bourbon County, Kentucky; James Watt, the Bourbon County Assistant Jailer; Raymond B. Campbell, a Bourbon County Deputy; and Gregory T. Kapusta, the Bourbon County Jail Administrator. (See id.)

The Defendants have now filed various motions to dismiss Plaintiff Massie's complaint.[2] Also, Plaintiff Massie has filed a "cross-motion to dismiss," in which he asks the Court to enter default judgment against the Bourbon County Defendants. The Court will address the motions below.

## II. DISCUSSION OF THE DEFENDANTS' MOTIONS TO DISMISS

**A. The State Defendants' Motion to Dismiss [DN 9].** The State Defendants argue that Plaintiff Massie's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to

---

[2] The Court notes that Defendant Raymond B. Campbell has not moved to dismiss Plaintiff Massie's complaint. According to the Bourbon County Defendants, this is because "he has yet to be effectively served." (See Bourbon Cnty. Defs.' Combined Resp. to Cross-Mot. to Dismiss & Reply in Supp. of their Mot. to Dismiss [DN 17] 2-3.)

state a claim upon which relief can be granted. According to the State Defendants, Plaintiff Massie fails to allege **how** they perpetrated an alleged deprivation of his rights. Further, he "fails to make any factual allegations, or any claims at all, that indicate he requested and did not receive medical care." (Mem. in Supp. of Mot. to Dismiss [DN 9-1] 2.)

In addition, the State Defendants argue that the applicable one-year statute of limitations bars Plaintiff Massie's claims. (Id. at 4.) In this respect, the State Defendants note that Plaintiff Massie's complaint is based on actions that allegedly occurred while he was incarcerated in 2010 and 2011. In fact, Plaintiff Massie has alleged that he was released from incarceration on July 5, 2011 after payment of his $50,000 appeal bond. Therefore, the State Defendants argue that Plaintiff Massie had until July of 2012, at the latest, to begin litigation pertaining to his treatment during incarceration. According to the State Defendants, because the instant action was filed on June 17, 2013, it was filed nearly one year too late. (See Mem. in Supp. [DN 9-1] 4.)

**B. The Bourbon County Defendants' Motion to Dismiss [DN 11].** The Bourbon County Defendants also argue that Plaintiff Massie's complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. Again, according to them, the Court must dismiss Plaintiff Massie's complaint since the applicable one-year statute of limitations bars his claims. (Mot. to Dismiss [DN 11] 3.) The Bourbon County Defendants argue that the facts which give rise to Plaintiff Massie's claim against them occurred, at the latest, in February 2011, when the Bourbon County court dismissed the allegedly wrongful charge concerning his possession of a bottle of Nitro-Glycerin tablets. All of the other conduct that Plaintiff Massie alleges against the Bourbon County Defendants occurred when he was incarcerated at the Bourbon County Detention Center in 2010. Therefore, Plaintiff Massie was required to file suit by February of 2012. His filing on June 17, 2013 was untimely. (See id.)

4

Further, the Bourbon County Defendants argue that Plaintiff Massie's complaint must be dismissed under Fed. R. Civ. P. 12(b)(3) since the Western District of Kentucky is an improper venue. In this respect, the Bourbon County Defendants state that they reside in Bourbon County, Kentucky, which is located in the Eastern District of Kentucky. (See id. at 4.)

**C. Defendant Kapusta's Motion to Dismiss [DN 16].** Defendant Kapusta, the Bourbon County Jail Administrator, states that he does not believe that he has been effectively served. (See Mot. to Dismiss [DN 16] 1.) However, Defendant Kapusta states that he is nonetheless entitled to dismissal of the claims against him for the same reasons that are listed in the Bourbon County Defendants' motion. Therefore, Defendant Kapusta joins their motion. (Id.)

**D. Analysis.** Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), accepting all of the plaintiff's allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The plaintiff satisfies this standard only when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79. Instead, the allegations must "'show[] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In the instant case, Plaintiff Massie is proceeding *pro se*. Because "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers," Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), Plaintiff Massie's complaint "will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." Id. (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, while a reviewing court must liberally construe *pro se* pleadings, Boag v. MacDougall, 454 U.S. 364, 365 (1982), a plaintiff is still required to plead more than bare legal conclusions. Lillard v. Shelby Cnty. Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under a viable legal theory. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

Plaintiff Massie alleges that the Defendants violated § 1983 by infringing on his First, Fourth, Eighth, and Fourteenth Amendment rights. The statute of limitations applicable to an action brought under § 1983 is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises. See Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007) (citing Kuhnle Bros., Inc. v. Cnty. of Geauga, 103 F.3d 516, 519 (6th Cir. 1997)). Under Kentucky law, actions for injury to the plaintiff's person are to be commenced within one year after the cause of action has accrued. Ky. Rev. Stat. § 413.140(1)(a); see Bonner v. Perry, 564 F.3d 424, 430-31 (6th Cir. 2009) (holding that because Ky. Rev. Stat. § 413.140(1)(a) is "appropriately referenced as the general personal injury limitations statute," § 1983 actions in Kentucky "are limited by the one-year statute of limitations found [therein]"). Thus, a one-year limitation period, borrowed from Kentucky law, applies to Plaintiff Massie's § 1983 claims in this case.

In a § 1983 action, to determine the date on which the cause of action accrues, the Court must turn to federal law. Eidson, 510 F.3d at 635. Under federal law, "the statute of limitations

begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Arauz v. Bell, 307 Fed. App'x 923, 927-28 (6th Cir. 2009) (quoting McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988)). In other words, to determine when and the statute of limitations begins to run, the Court must determine "what event should have alerted the typical lay person to protect his or her rights." Eidson, 510 F.3d at 635.

In the instant case, all of the precipitating events giving rise to Plaintiff Massie's cause of action occurred between March 2, 2010 and July 5, 2011, the period in which he was incarcerated for marijuana trafficking. By Plaintiff Massie's own admission, he was released from incarceration on July 5, 2011 after payment of his $50,000 appeal bond. (See Compl. [DN 1] 9.) At the time of Plaintiff Massie's release from incarceration, he knew of the injuries that are the bases of his claims. More specifically, he knew of the medical care that he received during his incarceration, he knew of the charges that had been brought against him for carrying his Nitro-Glycerin tablets, and he knew of the threats of a Taser shock. Therefore, the Court finds that Plaintiff Massie should have been alerted to protect his rights at that time. His § 1983 action had accrued; the statute of limitations had begun running.

With that said, Plaintiff Massie had one year—until July of 2012 at the latest—to begin litigation pertaining to his treatment during incarceration. However, the instant action was filed several months past that date, on June 17, 2013. Plaintiff Massie's § 1983 action is time-barred. Therefore, the State Defendants' motion to dismiss [DN 9] is **GRANTED**, the Bourbon County Defendants' motion to dismiss [DN 11] is **GRANTED** and Kapusta's motion to dismiss [DN 16] is **GRANTED**. Plaintiff Massie's § 1983 claims are **DISMISSED WITH PREJUDICE**.

The Court notes that in his response, Plaintiff Massie argues that his claims are not time-barred because his complaint was filed within one year of the date that his Cumberland County

sentence for marijuana trafficking was modified. (See Pl. Resp. to Def. Mot. to Dismiss [DN 12] 3-4; Cross-Mot. to Dismiss & Entry of Default J. for Pl./Resp. to Defs. Mot. to Dismiss Action [DN 13] 3.) In this respect, Plaintiff Massie highlights that while he was incarcerated, he appealed his convictions for marijuana trafficking and related offenses. Ultimately, the Kentucky Court of Appeals overturned two of the three convictions, causing the Cumberland County court to amend the original sentence from five years of incarceration to time served. The modification was finalized on June 27, 2013. (Id.) Plaintiff Massie now argues that because his complaint was filed before that date, on June 17, 2013, he was "well within the One Year time frame from the final adjudication of the original case" and his claims should be permitted to proceed. (Id.)

The Court finds, however, that Plaintiff Massie's sentence modification is irrelevant for purposes of determining when his cause of action accrued. In this case, it is clear that Plaintiff Massie's claims are based on the allegedly inadequate medical care he received while he was incarcerated, the allegedly wrongful charges that were brought against him by the Bourbon County Defendants for his possession of Nitro-Glycerin tablets, and the allegedly unconstitutional threats of a Taser shock. (See Compl. [DN 1].) These actions all occurred while Plaintiff Massie was incarcerated, in 2010 and 2011. Plaintiff Massie's one-year statute of limitations for his § 1983 claims began running at that time. Because he did not file his complaint within one year, his § 1983 claims against the State Defendants, the Bourbon County Defendants and Defendant Kapusta fail.

The Court holds that this conclusion also applies to Defendant Raymond B. Campbell. Indeed, there would be no purpose in allowing this matter to go forward against him in view of the fact that it is clearly time-barred. See Castillo v. Grogan, 52 Fed. App'x 750, 751 (6th Cir. 2002) (noting that a court may *sua sponte* dismiss a complaint as time-barred when the defect is obvious); Alston v. Tenn. Dep't of Corr., 28 Fed. App'x 475, 476 (6th Cir. Jan. 28, 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, *sua sponte*

8

dismissal of the complaint was appropriate."); Fraley v. Ohio Gallia Cnty., 166 F.3d 1213, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming the *sua sponte* dismissal of a *pro se* § 1983 action filed after the statute of limitations for bringing such an action had expired); Ali v. Morgan, 2009 WL 872896, at *3 (E.D. Ky. Mar. 27, 2009) (holding that if a statute of limitations defense clearly appears on the face of a pleading, a court can raise the issue *sua sponte*). Thus, Plaintiff Massie's § 1983 claims are **DISMISSED WITH PREJUDICE** as to Defendant Campbell.

In addition to Plaintiff Massie's § 1983 claims, he alleges that the Defendants violated Ky. Rev. Stat. § 532.100. (Compl. [DN 1] 1.) However, because Plaintiff Massie's federal § 1983 claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over the state-law claims. See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Therefore, Plaintiff Massie's state-law claims are **DISMISSED WITHOUT PREJUDICE**.

### III. DISCUSSION OF PLAINTIFF MASSIE'S CROSS-MOTION TO DISMISS

**A. Plaintiff Massie's Cross-Motion to Dismiss [DN 13].** On August 29, 2013, Plaintiff Massie filed a "Cross-Motion to Dismiss," in which he asks the Court to enter default judgment against the Bourbon County Defendants. (See Cross-Mot. to Dismiss & Entry of Default J. for Pl. [DN 13] 2.) In support of this request, Plaintiff Massie asserts that while the Bourbon County Defendants filed a motion to dismiss on July 29, 2013, they failed to answer the complaint. As such, they are in "default of the time frame" because "the 30 day time limit for filing an answer to [a] complaint . . . has passed." (Id. at 3.) According to Plaintiff Massie, because the Bourbon County Defendants failed to answer his complaint, they lack standing to file a motion to dismiss. Further, the Court should enter default judgment against them. (See id.)

**B. Analysis.** As an initial matter, the Court agrees with the Bourbon County Defendants that Plaintiff Massie's request for a default judgment is legally deficient. Entry of default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b). See Lewis v. Detroit Pub. Sch., 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013); see also Hickman v. Burchett, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede a grant of a default judgment under Rule 55(b)."). Because there has been no default entered against the Bourbon County Defendants, Plaintiff Massie's motion for default judgment is not properly before this Court. See Lewis, 2013 WL 5785777, at *2.

Further, the Court notes that default judgment is only appropriate where a defendant fails to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). Here, on July 29, 2013, the Bourbon County Defendants filed a motion to dismiss Plaintiff Massie's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(3). This was a proper response to Plaintiff Massie's complaint. See Harris v. Members of Bd. of Governors of Wayne State Univ., 2010 WL 3369142, at *1 (E.D. Mich. Aug. 25, 2010) (finding that the plaintiff was not entitled to either an entry of default or default judgment when, "[w]ithout question, [the defendant] filed a motion to dismiss under Rule 12(b)(6)" and "[w]ithout question, [the defendant was] not required to file an answer at [that] time"); Phelps v. Am. Gen. Fin. Servs., 2008 WL 3978318, at *3 (E.D. Mich. Aug. 22, 2008) (noting that "a defendant may properly defend as required by Fed. R. Civ. P. 55(a) in ways other than filing an answer, such as by filing a motion to dismiss for failure to state a claim"). Here, as in Phelps, Plaintiff Massie's only argument regarding the Bourbon County Defendants is that they have not responded in the manner required for an answer. There is no argument that their filing of a motion to dismiss was untimely, or that the motion otherwise fails to satisfy their duty to defend under Fed. R. Civ. P. 55(a). See Phelps, 2008 WL 3978318, at *3. Accordingly, the Court holds that the Bourbon County Defendants properly responded to Plaintiff

Massie's complaint. Plaintiff Massie is not entitled to an entry of default or default judgment. Plaintiff Massie's cross-motion to dismiss [DN 13] is **DENIED**.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that the State Defendants' Motion to Dismiss [DN 9] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Bourbon County Defendants' Motion to Dismiss [DN 11] is **GRANTED.**

**FURTHER** that Defendant Kapusta's Motion to Dismiss [DN 16] is **GRANTED**.

**FURTHER** that Plaintiff Massie's Cross-Motion to Dismiss [DN 13] is **DENIED**.

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

November 13, 2013

cc: counsel of record
Charles W. Massie, *pro se*